IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**MCMAHAN JETS, LLC**                                                                          **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 2:10cv175 KS-MTP**

**X-AIR FLIGHT SUPPORT, LLC; RIZO JET AVIATION
SERVICES, LLC; ROADLINK TRANSPORTATION, INC.;
CLIFFORD GOTTSCHALK; XAVIER M. YBARRA;
and DEFENDANTS A – F**                                                                **PLAINTIFFS**

### MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion to Remand **[#12]** and an Amended Motion to Remand **[#45]** filed on behalf of Plaintiff McMahan Jets, LLC ("McMahan") and on a Motion to Strike **[#42]** filed on behalf of defendants Roadlink Transportation, Inc. ("Roadlink") and Clifford Gottschalk ("Gottschalk"). The court, having reviewed the motions, the responses, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motions are not well taken and should be denied. The court specifically finds as follows:

### FACTUAL BACKGROUND

This action arises out of the sale and purchase of an airplane which McMahan now claims is defective. The transaction began in or around December 2007, when Gottschalk, a Utah resident was contacted by Mr. Rizo of Rizo Jet Aviation Services,

LLC ("Rizo Jet").  Rizo informed Gottschalk that a McMahan representative had recently seen another plane owned by Roadlink, a Utah corporation, that was in a hangar in Texas and this representative was apparently impressed with its condition and maintenance.

Rizo asked Gottschalk if Roadlink would consider selling the Cessna Citation at issue in this litigation.  The Citation was still being used (approximately 200-250 hours a year) and was not listed for sale.  However, in October 2007, Roadlink had acquired another airplane and it was anticipated that the Cessna Citation would not be used as much going forward.  In light of the recently purchased airplane, Roadlink agreed to sell the Cessna Citation.

However, Roadlink was not willing to pay a broker's fee to Rizo for his role in approaching Roadlink at the request of McMahan to inquire about the Cessna Citation.  Roadlink would only agree to enter into a contract that did not provide for a broker's fee and that was a sale to Rizo Jet.  Accordingly, in January 2008, Gottschalk signed a contract on behalf of Roadlink, wherein Roadlink agreed to sell the Cessna Citation to Rizo Jet for a sales price of $1,950,000.

Xavier M. Ybarra ("Ybarra"), a Texas resident,  was retained by McMahan to conduct a "pre-buy" inspection.  Based upon the report prepared by Ybarra, McMahan purchased the airplane from Rizo Jet for $2,100,000.  Rizo directed Gottschalk to deliver the plane directly to McMahan in Tennessee.  The Aircraft Purchase Agreement entered between Rizo Jet and McMahan specifically stated that the appropriate venue for "any action arising from or relating to this Agreement shall be in Forrest County, Mississippi."

McMahan alleges that it was later discovered that twelve screws had been improperly drilled through the carry-through spar, thereby compromising the plane's structure.  On May 28, 2010, McMahan filed its Complaint in the Circuit Court of Forrest County of Mississippi alleging breach of contract and negligence of the defendants (collectively) in failing to find and/or report this defect; in failing to provide McMahan an airworthy aircraft; and in failing to disclose the improper involvement of mechanic Clifford Gottschalk.

Defendant Rizo Jet was served with the Complaint on June 16, 2010, and filed the Notice of Removal with this court on July 16, 2010, based on diversity of citizenship.  Defendants X-Air Flight Support, L.L.C ("X-Air") and Xavier M. Ybarra consented to the removal, but have since attempted to withdraw that consent.  This attempted withdrawal of consent is the subject of a separate Motion fo Strike **[#42]** filed by Roadlink and Gottschalk.  Purported service on Gottschalk was accomplished on July 22, 2010, and on Roadlink on August 12, 2010, both after the removal of this action.

McMahan filed its initial Motion to Remand on August 12, 2010, alleging the existence of a forum selection clause which allegedly defeats jurisdiction in this court and the failure of Roadlink and Gottschalk to join in the removal, who were neither served until after the removal.  McMahan filed its amended remand motion on October 21, 2010, reasserting its first two arguments and adding the argument that remand is appropriate since X-Air and Ybarra have now filed their withdrawals of consent to removal.

**STANDARD OF REVIEW - REMAND**

The Fifth Circuit has consistently held that the party urging jurisdiction upon the district court bears the burden of demonstrating that the case is one which is properly before that Court. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Village Fair Shopping Co. v. Sam Broadhead Trust*, 588 F.2d 431 (5th Cir. 1979); *Ray v. Bird & Son and Asset Realization Co., Inc.*, 519 F.2d 1081 (5th Cir. 1975). Even though this court has a limited jurisdiction whose scope is defined by the constitution and by statute, "[w]hen a federal court is properly appealed to in a case over which it has, by law, jurisdiction, 'it has a duty to take such jurisdiction.'" *England v. Louisiana Medical Examiners,* 375 U.S. 411, 84 S. Ct. 461, 11 L.Ed.2d 440, 445 (1964) (other citations omitted). Chief Justice Marshall wrote in *Cohens v. Virginia*, 19 U.S. 264, 5 L.Ed. 257, 291 (1821), "It is true that this court will not take jurisdiction if it should not; but it is equally true, that it must take jurisdiction if it should."

A defendant may remove a case to federal court if both requirements of diversity jurisdiction have been met. 28 U.S.C. § 1441(a). Jurisdiction pursuant to diversity of citizenship, 28 U.S.C. § 1332(a) provides

> The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
> (1) citizens of different states. . .

The courts have universally interpreted this to mean that there must be complete diversity, i.e., that none of the defendants can be a citizen of the same state as any of the plaintiffs. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 190-192, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990); and *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1177 (5th

Cir. 1984).

Upon removal, the defendant bears the burden of establishing federal jurisdiction. *Atlas Global Group, L.P. v. Grupo Dataflux*, 312 F.3d 168, 176 (5th Cir. 2002). Diversity jurisdiction is determined by the citizenship of the parties at the time the lawsuit is filed. *Harris v. Black Clawson Co.*, 961 F.2d 547, 549 (5th Cir.1992). A corporation is considered a citizen both of the State of its incorporation and of the State in which it has its principal place of business. 28 U.S.C. § 1332(c) (1994). It is undisputed that Rizo Jet is a corporation organized and headquartered in the State of Texas and all of the other defendants are either residents of Texas or Utah. McMahan is a resident Mississippi Limited Liability Company. Clearly, there is complete diversity presented in this case and the amount in controversy exceeds the jurisdictional threshold of $75,000. Thus, there is no question of subject matter jurisdiction.

## **ISSUES**

The questions presented by the remand motion are: 1) whether there is a valid forum selection clause which defeats federal jurisdiction; 2) whether there is a procedural defect in the removal related to less than all defendants (Roadlink and Gottschalk) joining in the removal; and 3) whether the withdrawals of consent to removal by two of the diverse defendants (X-Air and Ybarra) are proper and deprive this court of jurisdiction. The court concludes that all three questions should be answered in the negative as will be discussed below. Thus, the Motions to Remand should be denied.

## ANALYSIS

### Forum Selection Clause

McMahan's initial argument for remand was that there was a valid forum selection clause in the contract between it and Rizo Jet which provided for exclusive jurisdiction of all disputes between the parties in the state courts of Mississippi. However, Rizo Jet responded by asserting that an amendment to the original purchase agreement between it and McMahan executed some thirteen to eighteen days after the original contract modified the forum selection clause to provide that all disputes between the two of them would be litigated in accordance with Texas law. That amendment specifically provided that the "rights and obligations of the parties … shall in all respects be governed by and construed in accordance with the laws of the State of Texas … "

McMahan rebuts with the argument that it did not execute the amendment to the sales contract. However, McMahan appended and incorporated the amendment to the original purchase agreement into its original Complaint and admitted that it modified that agreement. Thus, according to Rizo Jet, McMahan's judicial admission prevents it from denying the validity of the amendment. This court agrees. However, the amendment only provides that Texas law governs the dispute between Rizo Jet and McMahan, not that venue is proper exclusively in Texas.

In the seminal case of *M/S Bremen v Zapata Offshore Co.*, 407 U.S. 1, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972), the Supreme Court recognized that "forum selection clauses have historically not been favored by American courts." 92 S. Ct. at 1913. The

Supreme Court then rejected this conclusion and found "that such clauses are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances. We believe this is the correct doctrine to be followed by the federal district court sitting in admiralty." *Id*. The Court went on to note that the burden is on the one resisting the forum selection clause to show that it should be set aside. The Court stated that one resisting a forum selection clause should "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over reaching." *Id*. at 1916.

The Fifth Circuit has consistently applied the holding of *The Bremen* in non-admiralty cases and held such clauses are presumptively valid in the absence of a clear showing that the clause is unreasonable under the circumstances. *See, Afram Carriers Inc. v. Moegkens*, 145 F. 3d 298, 301 (5th Cir. 1998). As provided in *Afram*, the presumption of validity may be only overcome by a clear showing that (1) the formation of the clause was induced by fraud or over reaching; (2) the opposing party would effectively be denied its day in court because of inconvenience or unfairness; (3) the fundamental unfairness of the chosen law would deprive the opposing party of a remedy; or (4) enforcement of the forum selection clause would contravene strong public policy. *Id*. at 301.

However, Rizo Jet is the only named defendant that was a party to the Purchase Agreement, which was amended and is binding on McMahan. Accordingly, Rizo Jet argues that when McMahan chose to combine into one action his claims under the Purchase Agreement with his claims against the other defendants, McMahan made the

7

entire action removable in spite of the forum selection clause.  *See Jefferson Parrish Consol. Garbage Dist. No. 1 v. Waste Mgmt. of Louisiana, L.L.C.*, 2010 WL 1731204, No. 09-6270 (slip copy) (Apr. 28, 2010 E.D. La.) (denying a motion to remand because the plaintiff combined "into one action claims based on two contracts, only one of which contains a forum-selection clause"); *see also RK Dixon Co. v. Dealer Mktg. Servs., Inc.*, 284 F. Supp. 2d 1204 (S.D. Iowa 2003) (finding that the court did not have authority to remand the entire case even if it wanted to because the plaintiff combined into one action claims based on two contracts, one of which did not contain a forum selection clause) (citing *Buchner v. FDIC*, 981 F.2d 816, 819 (5th Cir. 1993).

This court finds that McMahan waived any right to remand based solely on the forum selection clause that may have otherwise existed had it brought its action only against Rizo Jet.  *See Jefferson Parrish* at *3 ("In other words, Plaintiffs have implicitly waived any right to remand that may have otherwise existed had they brought the Collection Contract claims separately.").  Further, the court finds that the forum selection clause has been amended by action of Rizo Jet and McMahan and binds both parties to the application of Texas law to the dispute between Rizo Jet and McMahan.  It does not, however, limit venue strictly to Texas courts as this court is perfectly capable of applying the law of Texas.  Thus, it is not so much a forum selection clause as it is a choice of law issue because of the wording of the amendment.  To the extent the parties wish to challenge this court's conclusion on the choice of law question, they may do so by separate motion.

**Procedural Defect - Less than all defendants joining removal**

The answer to the second issue also negates McMahan's request to remand this matter.  McMahan simply argues that less than all the defendants joined the Notice of Removal, *i.e.*, Roadlink and Gottschalk.  That argument fails for a number of reasons, primarily because neither was served at the time Rizo Jet removed the action.

It is so well-settled as to be unworthy of discussion that defendants who are not citizens of the forum state and "who are unserved when the removal petition is filed need not join in it."  *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.9 (5th Cir. 1988) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534 (1939) and *Lewis v. Rego Co.*, 757 F.2d 66, 68-69 (3d Cir. 1985); *see also Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002) (recognizing that "all served defendants must join in the removal petition filed prior to the expiration of the removal period"); *Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992) ("Further, Forster's failure to join in the removal petition is not a bar to the federal court's jurisdiction. Forster could not have joined in it because, as [plaintiff] acknowledges, Forster was not even served until after the case had been removed.").

This argument by McMahan is simply superfluous.  There is no procedural defect from the failure of Roadlink or Gottschalk to join Rizo Jet's Notice of Removal prior to their being served.  Further, lest anyone be in doubt about the intentions of either Roadlink or Gottschalk, each affirmatively joined this action and consented to removal by their response to McMahan's first Motion to Remand.

**Withdrawal of Consent by X-Air and Ybarra**

The final issue is the withdrawal of consent to removal by defendants X-Air and Ybarra. The resolution of this issue will also resolve the Motion to Strike their withdrawals by Roadlink and Gottschalk. In that regard, the court ultimately concludes that the attempted withdrawals were ineffective to negate the proper removal of this action and that they should therefore be stricken.

Neither X-Air nor Ybarra make any claim that they were duped, tricked or fraudulently induced to consent to removal or offer any justification that would negate or abrogate their consent. Instead, X-Air and Ybarra offer only their concerns over judicial economy and their irrelevant opinions as to where this case should and could be litigated. However, X-Air and Ybarra's belated change of heart does not change the fact, admitted in their pleading, that they in fact consented to removal.

Courts addressing similar attempts by parties to use a withdrawal of consent to removal have rejected those attempts. The district court in *New England Wood Pellet, LLC v. New England Pellet, LLC*, 419 B.R. 133, 142 (D.N.H. 2009) discussing the issue held:

> NEWP provides no authority for the notion that, after all defendants have consented to removal of a case, one of those defendants may subsequently withdraw that consent, making the removal ineffective nunc pro tunc. A rule to that effect would seem susceptible to abuse: for example, a defendant could join in removal, only to withdraw that joinder following assignment to a particular judge in the federal district court whom that defendant found particularly objectionable. "Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right." *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186, 27 S.Ct. 184, 51 L.Ed. 430 (1907).

Likewise, a federal district court in Alabama addressed the issue from traditional notions of federal jurisdiction and the timing of when jurisdiction is established and measured. Rejecting the same type of legal arguments advanced by X-Air and Ybarra here, the Alabama district court held:

> Freckleton's notice of consent to removal was signed by the then pro se defendant. . . . On October 7, 2005, through counsel, James D. Abston, III, Esquire, Freckleton filed a notice of withdrawal of consent for removal .The Court finds that while the removal statutes allow "any defendant upon whom process is served after removal" to move a district court to remand the case, 28 U.S.C. § 1448, neither those statutes nor case law contemplate allowing the withdrawal of consent to removal following removal. No doubt this is because a district court, in testing the viability of removal, necessarily "must determine whether it had subject matter jurisdiction at the time of removal." *Poore v. American-Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1290-1291 (11th Cir. 2000); *see also Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) ("'[T]he jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time.'"). Because the undersigned must judge the jurisdictional facts supporting removal at the time of removal, Freckleton's notice of withdrawal of consent for removal must be and the same hereby is STRICKEN.

*Cartee v. Precise Cable Const., Inc.*, No. 05-0515-C, 2005 WL 2893951 *1 n.4 (S.D. Ala. Nov. 1, 2005).

The Fifth Circuit has repeatedly subscribed to the jurisdictional axiom that "if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." *Doddy v. Oxy USA, Inc*, 101 F.3d 448, 456 (5th Cir. 1996). With regard to removal, the *Doddy* court held that "§ 1447(c) cannot be read to overrule the repeatedly expressed view that changes after removal cannot eliminate jurisdiction and require remand." *Id.* (citing *In re Shell Oil Co.*, 966 F.2d 1130, 1133 (7th Cir.1992)). Indeed, this court has similarly held that "it is beyond purview that the

11

jurisdictional facts that support removal must be judged at the time of the removal." *Gatlin v. Am. General Intern. Group*, No. 2:03-CV-15KS, 2005 WL 1595675 *2 (S.D. Miss. July 16, 2005).

The attempted withdrawal of consent to removal by X-Air and Ybarra cannot defeat this court's jurisdiction, obtained at the time of removal when all served defendants consented. Post-removal changes of heart by originally consenting defendants will not support a request for remand, absent a lack of subject matter jurisdiction. Thus, the withdrawals of consent to remove filed on behalf of X-Air and Ybarra are stricken.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Remand **[#12]** and the Amended Motion to Remand **[#45]** filed on behalf of McMahan Jets, LLC are denied.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Strike Notice of Withdrawal of Consent to Removal and Joinder in Plaintiff's Motion to Remand **[#42]** is granted and those withdrawals of consent are stricken and the request to join the motion to remand is denied.

IT IS FURTHER ORDERED AND ADJUDGED that the stay previously imposed in this matter is lifted and that the parties shall contact Judge Parker within ten days of this order for the entry of a new Case Management Order.

SO ORDERED AND ADJUDGED this the 6th day of January, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE