IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**MCMAHAN JETS, LLC**                                                                  **PLAINTIFF**

**VERSUS**                               **CIVIL ACTION NO. 2:10cv175 KS-MTP**

**X-AIR FLIGHT SUPPORT, LLC; RIZO JET AVIATION
SERVICES, LLC; ROADLINK TRANSPORTATION, INC.;
CLIFFORD GOTTSCHALK; XAVIER M. YBARRA;
and DEFENDANTS A – F**                                          **DEFENDANTS**

## ORDER

This matter is before the court on a Motion for Entry of Judgment Under Rule 54(b) **[#92]** filed on behalf of Plaintiff, McMahan Jets, LLC ("McMahan"). The court, having reviewed the motion, the response, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion is well taken and should be granted. The court specifically finds as follows:

On January 6, 2011 this court denied a motion to remand and granted a motion to strike and on January 7, 2011 this court granted a motion to dismiss for lack of jurisdiction filed on behalf of defendants Roadlink Transportation, Inc. ("Roadlink") and Clifford Gottschalk ('Gottschalk") and dismissed both without prejudice. A Judgment to that effect was entered the same day. On January 18, 2011 McMahan filed motions to reconsider and then filed an amended motion on February 2.

On April 5, 2011, this court entered a judgment denying McMahan's motions for reconsideration. Believing that this court's ruling was a "final judgment" and ripe for

appeal to the Fifth Circuit Court of Appeals on the jurisdictional issue, McMahan filed a Notice of Appeal with the Fifth Circuit on May 2, 2011.  On May 27, 2011, Roadlink and Gottschalk moved to dismiss McMahan's appeal for lack of jurisdiction on the grounds that this court's ruling was not a "final judgment" under Fed. R. Civ. P. 54(b).  On July 1, 2011, the Fifth Circuit entered an Order dismissing McMahan's appeal.  McMahan then filed the present motion.

Fed. R. Civ. P. 54(b) provides in pertinent part:

When an action presents more than one claim for relief ... or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

The plain language of this statute unequivocally states a district court must make two findings before granting Rule 54(b) certification.  First, the court must have disposed of one or more claims or parties.  *Id.*  Second, the court must make "an express determination that there is no just reason to delay" the appeal of the issue in question until after all claims have been adjudicated.  *Id.*

This case unquestionably involves multiple claims and parties.  McMahan argues that due to this court's ruling that it lacks *in personam* jurisdiction over them. Roadlink and Gottschalk have been completely disposed of as parties to this case.  The court agrees.  Further, McMahan contends that there is no "just reason to delay" McMahan's appeal of that conclusion to the Fifth Circuit.  The court also agrees with this proposition.

It is within the discretion of the court to grant or deny McMahan's motion.  "The propriety of a Rule 54(b) certification is reviewable by [the Fifth Circuit] for abuse of discretion.  *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437… (1956)."  *PYCA*

*Industries, Inc. v. Harrison County Waste Water Management District*, 81 F.3d 1412, 1421 (5th Cir. 1996).  As McMahan points out, "[o]ne would be hard-pressed to find a decision in which a court denied Rule 54(b) certification after dismissing a party for lack of personal jurisdiction."  *Animale Group, Inc. v. Sunny's Perfume, Inc.*, 2007 U.S. Dist. LEXIS 48931, 2007 WL 2010476, at *4 (S.D. Tex. 2007).

Other courts have reached this same result with virtual unanimity.  See *Commissariat a L'EnergieAtomique v. Chi Mei Optoelectronics Corp.*, 293 F.Supp.2d 430, 434-435 (D. Del. 2003)*;Chamberlain v. Harnischfeger Corp.*, 516 F.Supp. 428 (E.D. Pa. 1981).  This includes the Fifth Circuit Court of Appeals.  See *De Melo v. Woolsey Marine Industries, Inc.*, 677 F.2d 1030, 1031 (5th Cir. 1982) (holding that because district court dismissed defendant for lack of personal jurisdiction, that dismissal "disposed of all claims against [defendant, and] it clearly had the requisite finality to be appealable under [Rule 54(b).]").

Roadlink and Gottschalk assert that a single appeal at the conclusion of this case is in the interest of judicial economy and would prevent duplicative litigation.  They also seem to want to argue the issue of personal jurisdiction on the merits and they maintain that McMahan should file another case against them in another jurisdiction.  However, these defendants provide no legal basis in support of these statements.  As such, they will not be given much credence by this court.  See *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 339 (5th Cir. 2005) (recognizing that arguments, without any legal basis, are deemed waived).

It is clear to the court that the issue of personal jurisdiction is completely separate from and independent of the remaining substantive issues against the other defendants in this case*.  See Commissariat*, 293 F.Supp. at 435 (holding that Rule 54(b)

certification is appropriate because "the issue of personal jurisdiction ... is plainly separable from [the] remaining claims ... against the other defendants."). As a result, there is no significant risk of duplicative appeals, since the claims against RoadLink and Gottschalk were dismissed for lack of personal jurisdiction – an issue which is not present in any of the remaining claims. *Id.* There is no danger of piecemeal appeals in this matter. *See Guzman v. Mem'l Hermann Hosp. Sys.*, 2009 U.S. Dist. LEXIS 105707 (S.D. Tex. 2009) (concluding that the granting of Rule 54(b) judgment "as to the order dismissing [defendant] for lack of personal jurisdiction will not promote 'piecemeal appeals.'"). The court also concludes that any danger of hardship or injustice through delay would be alleviated by the immediate appeal of this matter. Thus, the court concludes that there is no just reason for delay of final judgment as to defendants Roadlink and Gottschalk.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Entry of Judgment Under Rule 54(b) **[#92]** filed on behalf of Plaintiff, McMahan Jets, LLC is granted and the court enters final judgment as to defendants Roadlink Transportation, Inc. and Clifford Gottschalk and will enter such judgment pursuant to Rule 54(b).

SO ORDERED AND ADJUDGED this the 14th day of September, 2011.

>  *s/Keith Starrett*
>  UNITED STATES DISTRICT JUDGE