IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**MCMAHAN JETS, LLC**                                                                                             **PLAINTIFF**

**V.**                                                     **CIVIL ACTION NO. 2:10CV175KS-MTP**

**X-AIR FLIGHT SUPPORT, LLC;**
**RIZO JET AVIATION SERVICES, LLC;**
**ROAD LINK TRANSPORTATION, INC.;**
**CLIFFORD GOTTSCHALK; XAVIER M. YBARRA,**
**and DEFENDANTS A-F**                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Plaintiff McMahan Jets, LLC's ("McMahan" or "Plaintiff") Motion for Relief from Judgment Pursuant to Rule 60(b)(1), (3) and (6) of the Federal Rules of Civil Procedure ("Motion for Relief from Judgment") [105]. Having considered the submissions of the parties, the record and the applicable law, the Court finds that Plaintiff's motion is not well taken and should be denied.[1]

## I. RELEVANT BACKGROUND

On May 28, 2010, Plaintiff filed suit against X-Air Flight Support, LLC ("X-Air"); Rizo Jet Aviation Services, LLC ("Rizo Jet"); Roadlink Transportation, Inc. ("Roadlink"); Clifford Gottschalk; and Xavier M. Ybarra in the Circuit Court of Forrest County, Mississippi. (*See* Complaint [1-1 at ECF p. 6].) The Complaint asserts numerous claims for relief arising from McMahan's purchase of a 1978 Cessna 551 aircraft (the

---

[1] The face of Plaintiff's Motion for Relief from Judgment [105] requests oral argument. Local Uniform Civil Rule 7 provides that the "court will decide motions without a hearing or oral argument unless otherwise ordered by the court on its own motion or, in its discretion, upon written request made by counsel in an easily discernible manner on the face of the motion or response." L.U.Civ.R. 7(b)(6)(A). The Court has determined that oral argument will not be necessary or useful for the resolution of the motion.

"aircraft") in January of 2008.

Plaintiff's claims against X-Air and Ybarra center upon the allegation that they were contracted to perform a pre-buy inspection of the aircraft and that their inspection failed to uncover twelve screw holes in the carry-through spar (section where the wings are secured to the aircraft). Plaintiff contends that the screw holes compromised the strength of the carry-through spar, which rendered the aircraft defective and unairworthy. Plaintiff alleges that it purchased the aircraft from Roadlink and Rizo Jet and that these Defendants are liable because they falsely represented that the aircraft was airworthy and safe. Liability is asserted against Defendant Gottschalk chiefly on the claim that he was the chief mechanic for the aircraft prior to its sale and that he either knew or should have known that the twelve screw holes in the carry-through spar rendered the aircraft unreasonably dangerous and unairworthy. Several documents are attached to McMahan's Complaint, including a purchase agreement for the aircraft between McMahan and Rizo Jet (the "Purchase Agreement") [12-1].

On July 16, 2010, Rizo Jet removed the action to this Court on the basis of diversity of citizenship jurisdiction under Title 28 U.S.C. § 1332. (*See* Notice of Removal [1].) On August 12, 2010, McMahan moved for remand largely on the basis of a forum selection clause in the Purchase Agreement designating Forrest County, Mississippi as the venue for any action arising from or relating to the parties' agreement. (*See* Motion for Remand [12].) On September 13, 2010, Defendants Roadlink and Gottschalk moved for dismissal for lack of personal jurisdiction. (*See* Motion to Dismiss [28].) Defendants' Motion [28] posited that Roadlink is a Utah corporation and that Gottschalk is a resident citizen of Utah. Defendants Roadlink and Gottschalk

(sometimes collectively referred to as the "Utah Defendants") claimed that there were insufficient contacts between them and the State of Mississippi to allow for the exercise of jurisdiction under Mississippi's long-arm statute[2] and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

On January 6, 2011, the Court denied Plaintiff's Motion for Remand [12]. (*See* Memorandum Opinion and Order [62].) The Court principally found that McMahan had waived its ability to seek enforcement of the forum selection clause in the Purchase Agreement by suing Rizo Jet **and** Defendants who were not parties to the agreement. On January 7, 2011, the Court granted the Utah Defendants' Motion to Dismiss [28], finding that they were not amenable to jurisdiction under Mississippi's long-arm statute and that the exercise of jurisdiction over them would fail to comport with traditional notions of fair play and substantial justice. (*See* Memorandum Opinion and Order [64].) The Court's due process analysis was informed in large part by the Fifth Circuit's decision in *Growden v. Ed Bowlin and Associates, Inc.*, 733 F.2d 1149 (5th Cir. 1984).[3]

On September 14, 2011, final judgment pursuant to Federal Rule of Civil Procedure 54(b) was entered with respect to the dismissal of the Utah Defendants. (*See* Judgment [97].) On September 21, 2011, Plaintiff filed its Notice of Appeal [98] from the Court's Judgment [97]. On August 1, 2012, Plaintiff filed its Motion for Relief from Judgment [105]. The motion presents three grounds for relief: 1) the Utah

---

[2] Miss. Code Ann. § 13-3-57.

[3] In *Growden*, the Fifth Circuit held that a Georgia corporation that sold a Cessna aircraft to a resident of Louisiana did not have sufficient contacts with Louisiana to justify the exercise of in personam jurisdiction. 733 F.2d at 1150, 1152.

Defendants' alleged acts of fraud, misrepresentation, and other misconduct; 2) evidence discovered after the entry of Final Judgment; and 3) "other reasons justifying relief from Judgment", which the Court construes to mean the application of certain legal opinions issued close in time or subsequent to the Court's January of 2011 Orders [62], [64].

On August 9, 2012, eight (8) days after the Plaintiff filed its Motion for Relief from Judgment, the Fifth Circuit entered its opinion affirming this Court's dismissal of the Utah Defendants. *See McMahan Jets, L.L.C. v. Road Link Transp., Inc.*, 2012 WL 3234404 (5th Cir. Aug. 9, 2012). The Fifth Circuit held that the facts alleged by the Plaintiff failed to establish that the Utah Defendants had sufficient minimum contacts with Mississippi under "the binding precedent of *Growden v. Ed Bowlin & Assocs.*, 733 F.2d 1149 (5th Cir. 1984)." *McMahan Jets*, 2012 WL 3234404, at *1. Further, the Fifth Circuit found no error in this Court's denial of the Plaintiff's Motion for Remand [12]. *Id.*

## II. DISCUSSION

The Plaintiff largely fails to address its appeal before the Fifth Circuit in its Motion for Relief from Judgment [105] and related filings. This Court cannot do the same. The Fifth Circuit has taken the position "that 'whatever was before the appellate court and disposed of by the decree is considered as finally settled and becomes the law of the case.'" *Gulf Coast Bldg. & Supply Co. v. Int'l Bhd. of Elec. Workers, Local No. 480*, 460 F.2d 105, 107 (5th Cir. 1972) (quoting *In re United States*, 207 F.2d 567, 570 (5th Cir. 1953)); *accord Elias v. Ford Motor Co.*, 734 F.2d 463, 465 (1st Cir. 1984) ("A mandate is completely controlling as to all maters before the appellate court and disposed of by its decree."). The Fifth Circuit's Judgment [115] affirming this Court's dismissal of Roadlink and Gottschalk was issued as the mandate on October 1, 2012. Therefore,

the Court must consider the effect of the Fifth Circuit's mandate before addressing whether the Plaintiff is entitled to any relief under Federal Rule of Civil Procedure 60(b).[4]

### A. The Mandate Rule

It is beyond peradventure "that 'an inferior court has no power or authority to deviate from the mandate issued by an appellate court.'" *League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 675 F.3d 433, 438 (5th Cir. 2012) (quoting *Briggs v. Penn. R.R. Co.*, 334 U.S. 304, 306, 68 S. Ct. 1039, 92 L. Ed. 1403 (1948)). "The *mandate rule*, which is a corollary or specific application of the law of the case doctrine, prohibits a district court on remand from reexamining an issue of law or fact previously decided on appeal and not resubmitted to the trial court on remand." *United States v. Pineiro*, 470 F.3d 200, 205 (5th Cir. 2006) (citations omitted). The district court "must proceed within the letter and spirit of the mandate by taking into account the appeals court's opinion and the circumstances it embraces." *Id.* (citing *Sobley v. S. Natural Gas Co.*, 302 F.3d 325, 333 (5th Cir. 2002)). Thus, the district court is prohibited from examining "'issues decided both expressly and by necessary implication'" by the court of

---

[4] The Court is fully cognizant that a trial judge does not flout the mandate by acting on a motion under Rule 60(b) "deal[ing] with possible later events." *Standard Oil Co. of Cal. v. United States*, 429 U.S. 17, 18, 97 S. Ct. 31, 50 L. Ed. 2d 21 (1976). However, a Rule 60(b) motion that "cite[s] no material change of circumstances or newly discovered evidence" falls outside of the scope of *Standard Oil*. *Fine v. Bellefonte Underwriters Ins. Co.*, 758 F.2d 50, 52 (2d Cir. 1985); *accord Logan v. Burgers Ozark Country Cured Hams Inc.*, 64 Fed. Appx. 416, 2003 WL 1524574, at *3, 4 (5th Cir. Mar. 12, 2003) (finding that *Standard Oil* tracks "the contours of the law-of-the-case doctrine" and does not permit a district court to contradict an appellate mandate in the absence of "new, substantially different evidence; intervening, contrary, controlling law; or a clearly erroneous decision . . . .").

appeals. *United States v. Teel*, 691 F.3d 578, 583 (5th Cir. 2012) (quoting *Pineiro*, 470 F.3d at 205). The mandate rule serves the important jurisprudential policy of finality in litigation, and is aimed at precluding obstinate litigants from reasserting arguments *ad nauseam* and appealing again and again in the hope of obtaining a more sympathetic appellate panel. *See Pineiro*, 470 F.3d at 205.

As with almost any rule, exceptions exist in regard to a district court's duty to follow an appellate mandate. The district court may reexamine issues resolved through "appeal only if '(i) the evidence on a subsequent trial was substantially different, (ii) controlling authority has since made a contrary decision of the law applicable to such issues, or (iii) the decision was clearly erroneous and would work a manifest injustice.'" *Gene & Gene, L.L.C. v. BioPay, L.L.C.*, 624 F.3d 698, 702 (5th Cir. 2010) (quoting *Fuhrman v. Dretke*, 442 F.3d 893, 897 (5th Cir. 2006)).

In January of 2011, this Court refused to remand this cause to the Circuit Court of Forrest County, Mississippi, and dismissed the Utah Defendants for lack of personal jurisdiction. (*See* Orders [62], [64].) These rulings were affirmed by the Fifth Circuit. *See McMahan Jets*, 2012 WL 3234404. Plaintiff's Motion for Relief from Judgment [105] clearly implicates the mandate rule since it requests that the Court reconsider and reverse its holdings that have been affirmed on appeal. Therefore, the mandate rule precludes the grant of Plaintiff's motion unless one of the above-stated exceptions is found applicable.

Plaintiff's Motion for Relief from Judgment [105] presents no evidence that is new or substantially different from the evidence that was before the Fifth Circuit. Plaintiff contends the following documents show that the Utah Defendants committed a fraud on

this Court in relation to representations concerning the sale of the aircraft: Bill of Sale [105-1]; Affidavit of Transfer of Aircraft/Helicopter [105-4]; Delivery and Acceptance Certificate [105-5]; Priority Search Certificate(a) [105-6]; Priority Search Certificate(b) [105-7]; Priority Search Certificate(c) [105-8]; Chain of Title Report [105-9]; Registration Application [105-10]; Statement in Support of Registration [105-11]; Closing Statement [105-12]; Technical Acceptance Letter [105-13]; and License Application [105-14]. Plaintiff also claims the following documents show that the Utah Defendants presented misleading information to the Court regarding Roadlink's contacts with Mississippi: receipts for gas purchased from a Flying J location in Mississippi, pictures taken at three different Flying J gas stations in Mississippi, and various other documents purportedly showing that Roadlink is doing business in Mississippi [105-15]; and a Flying J rewards card allegedly issued by Roadlink to Plaintiff's counsel [105-16]. These same documents were presented to the Fifth Circuit on appeal by way of Plaintiff's Motion to Correct/Supplement the Record; Rebuttal to Appellees' Opposition to Motion to Correct/Supplement; and/or Motion to Remand to the District Court.[5] Moreover, the fraud and misrepresentation arguments Plaintiff now makes based on the aforementioned documents were also made to the Fifth Circuit via Plaintiff's Motion to Correct/Supplement; Petition for Panel Rehearing; and/or Petition for Rehearing En Banc. The Fifth Circuit "by necessary implication"[6] rejected Plaintiff's fraud and misrepresentation arguments based on the above-listed documents pursuant to its July

---

[5] The Bill of Sale [105-1] and Technical Acceptance Letter [105-13] were also before this Court **prior** to Plaintiff's appeal.

[6] *Teel*, 691 F.3d at 583.

18, 2012 Order denying the Motion to Correct/Supplement; August 9, 2012 Opinion and Order affirming the dismissal of the Utah Defendants; and September 21, 2012 denial of Plaintiff's Petitions for Rehearing. This Court lacks the authority to upset the Fifth Circuit's rulings in the absence of any new evidence from the Plaintiff.

Plaintiff has presented no authorities satisfying "the intervening-change-of-law exception." *Teel*, 691 F.3d at 583. Plaintiff contends the following opinions have expanded the jurisdictional limits of courts of the State of Mississippi: *Aultman, Tyner, & Ruffin, Ltd. v. Capital Rubber & Specialty Co.*, No. 2:10cv223, 2011 WL 213471 (S.D. Miss. Jan. 21, 2011); *Knight v. Woodfield*, 50 So. 3d 995 (Miss. 2011); and *Cirlot Agency, Inc. v. Sunny Delight Beverage Co.*, 85 So. 3d 329 (Miss. Ct. App. 2012). All of these opinions were issued before the Fifth Circuit's October 1, 2012 mandate in this cause. Further, none of these authorities are controlling in comparison to the Fifth Circuit's holdings on minimum contacts under the Due Process Clause of the Fourteenth Amendment. Therefore, the second exception to the mandate rule is inapplicable in this proceeding.

The third and final exception to the mandate rule also affords the Plaintiff no relief. "'Mere doubts or disagreement about the wisdom of a prior decision of this or a lower court will not suffice for this exception. To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must be dead wrong.'" *Hopwood v. Texas*, 236 F.3d 256, 272-73 (5th Cir. 2000) (quoting *City Public Serv. Bd. v. Gen. Elec. Co.*, 935 F.2d 78, 82 (5th Cir. 1991)). This "is a very exacting standard." *Id.* at 272.

This Court's dismissal of the Utah Defendants was based in large part on the

-8-

Fifth Circuit's decision in *Growden v. Ed Bowlin & Associates*, where the exercise of in personam jurisdiction by a Louisiana court over a Georgia corporation that sold an aircraft to a Louisiana resident was found not "to comport with due process requirements." 733 F.2d at 1151. The Fifth Circuit affirmed this Court's ruling pursuant to "the binding precedent of *Growden* . . . ." *McMahan Jets*, 2012 WL 3234404, at *1. The Court finds that the Fifth Circuit's holding in this cause was eminently correct, as opposed to maybe or probably wrong, much less dead wrong. No manifest injustice results from applying "binding precedent" to a party's claims. This Court is bound by the Fifth Circuit's rulings and "has no power or authority to deviate from the mandate . . . ." *City of Boerne*, 675 F.3d at 438.

### B. Federal Rule of Civil Procedure 60(b)

Even assuming *arguendo* that this Court is not bound by the Fifth Circuit's mandate, Plaintiff has failed to show that it is entitled to relief under Rule 60(b). Plaintiff contends that relief is warranted under Rule 60(b)(1), (3) and (6). In reviewing the substance of Plaintiff's bases for relief, the Court finds that Plaintiff is actually proceeding under subsections (2), (3) and (6) of the Rule.

#### 1. Rule 60(b)(2)

A court may relieve a party from a final judgment pursuant to "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) . . . ."[7] Fed. R. Civ. P. 60(b)(2). To obtain relief under Rule 60(b)(2), a party must show: "'(1) that it exercised due diligence in obtaining

---

[7] "A motion for a new trial must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b).

the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment.'" *Thermacor Process, L.P. v. BASF Corp.*, 567 F.3d 736, 744 (5th Cir. 2009) (quoting *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005)).

Plaintiff contends the documents referenced in the Court's analysis of the first exception to the mandate rule constitute "newly discovered evidence" warranting relief from the Court's Judgment [97]. These documents can be separated into two groups: 1) documents relating to the aircraft's sale and transfer of title (Doc Nos. [105-1], [105-4], [105-5], [105-6], [105-7], [105-8], [105-9], [105-10], [105-11], [105-12], [105-13], [105-14]); and 2) documents purportedly evidencing Roadlink's contacts with Mississippi (Doc Nos. [105-15], [105-16]). As to the first group of documents, the Bill of Sale [105-1] and Technical Acceptance Letter [105-13] cannot constitute "newly discovered evidence" under Rule 60(b)(2) since they were in the record before the entry of Judgment [97] in September of 2011. The remaining documents in the first group were either created in 2007 (Doc. No. [105-11]) or 2008 (Doc. Nos. [105-4], [105-5], [105-6], [105-7], [105-8], [105-10], [105-12]); or, contain information regarding circumstances occurring no later than March 4, 2008 (Doc. Nos. [105-9], [105-14]). Plaintiff has failed to show that any of the documents in this group could not have been discovered with reasonable diligence before the lawsuit was filed on May 28, 2010, much less before the entry of judgment in September of 2011.

The Court also finds that the information referenced in the second group of documents could have been discovered with reasonable diligence before the entry of judgment. The existence of Flying J gas stations in Mississippi and the issuance of

Flying J rewards cards to Mississippi citizens, such as Plaintiff's counsel, do not appear to constitute circumstances somehow hidden from public view or necessitating formal discovery to unearth. More is required than the existence of newly discovered evidence under Rule 60(b)(2). A plaintiff must also show "due diligence in obtaining the information . . . ." *Thermacor Process, L.P.*, 567 F.3d at 744. Plaintiff has made no such showing here.

Moreover, the alleged newly discovered evidence would not have produced a different result than the dismissal of the Utah Defendants. Plaintiff attempts to use the first group of documents to show that it purchased the aircraft directly from Roadlink. Binding Fifth Circuit precedent establishes that a defendant's sale of an aircraft to a resident of a forum state with the understanding that the aircraft would be based in the forum state does not constitute sufficient minimum contacts allowing for "the exercise of in personam jurisdiction." *Growden*, 733 F.2d at 1152.

The documents in the second group do not warrant a different result because Plaintiff has failed to show that they concern Roadlink's contacts with Mississippi, as opposed to the contacts of a parent or subsidiary corporation. Documents on file with the Mississippi Secretary of State's office show that FJ Managment Inc. f/k/a Flying J Inc. is registered to do business in Mississippi. The Utah Defendants contend that the documents in the second group relate to Flying J. Inc.'s alleged contacts with Mississippi and that Roadlink is a separate and distinct corporation. Plaintiff has not rebutted this contention. "As a general rule . . . the proper exercise of personal jurisdiction over a nonresident corporation may not be based solely upon the contacts with the forum state of another corporate entity with which the defendant may be

affiliated." *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004) (citations omitted).  Plaintiff has made no showing overcoming "the presumption of corporate separateness . . . ." *Id.*

Relief from the Court's Judgment [97] pursuant to Rule 60(b)(2) is not warranted under the foregoing circumstances.

### 2. Rule 60(b)(3)

A court may relieve a party from a final judgment pursuant to "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . . ." Fed. R. Civ. P. 60(b)(3).  In order to obtain relief under this Rule, Plaintiff "must demonstrate, by clear and convincing evidence, '(1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case.'" *Williams v. Thaler*, 602 F.3d 291, 311 (5th Cir. 2010) (quoting *Hesling*, 396 F.3d at 641).  Rule 60(b)(3) is directed "at judgments which were unfairly obtained, not at those which are factually incorrect." *Id.*

Plaintiff claims that the first and second groups of documents referenced in the preceding section of this Opinion show that the Utah Defendants and their counsel made false and misleading statements to the Court that resulted in judgment in their favor.  Plaintiff contends that the documents in the first group show that the Utah Defendants misled the Court when they claimed that Roadlink sold the aircraft to Rizo Jet, who then sold the aircraft to the Plaintiff.  According to the Plaintiff, the documents in the first group clearly show that the aircraft was sold by Roadlink directly to the Plaintiff.  The documents in the second group supposedly show that Roadlink's secretary, Robert Payne, misled the Court in his affidavit submitted in support of

dismissal by not disclosing Roadlink's extensive business contacts with Mississippi.

At best for the Plaintiff, the documents in the first group give rise to fact issues. "They do not[, however,] approach clear and convincing evidence of fraud or misconduct." *Washington v. Patlis*, 916 F.2d 1036, 1039 (5th Cir. 1990) (finding that the existence of conflicting testimony would not support relief under Rule 60(b)(3)); *see also Diaz v. Methodist Hosp.*, 46 F.3d 492, 497(5th Cir. 1995) (same as to an affidavit that, at most, created a factual dispute). The Utah Defendants no more committed fraud or misled the Court when they claimed that the aircraft was sold by Rizo Jet to the Plaintiff, than the Plaintiff does when it claims that it purchased the aircraft from Roadlink. Just as there are documents that tend to show that the aircraft was sold by Roadlink to the Plaintiff (Doc. Nos. [105-1], [105-5], [105-6], [105-7], [105-8], [105-9], [105-12]),[8] there are also documents that appear to show that the aircraft was sold by Rizo Jet to the Plaintiff. (*See* Purchase Agreement [12-1], Amendment to Purchase Agreement [1-1 at ECF p. 46], Technical Acceptance Letter [105-13].) The documents in the second group do not even give rise to a fact dispute since Plaintiff has failed to show that they concern Roadlink's contacts with Mississippi, as opposed to the contacts of a separate corporate entity. *See Freudensprung*, 379 F.3d at 346.

Notwithstanding Plaintiff's inability to prove fraud or misconduct by clear and convincing evidence, it has failed to convince the Court that the Utah Defendants' alleged misconduct prevented it "from fully and fairly presenting" its case. *Williams*, 602

---

[8] Roadlink would not have sufficient contacts with Mississippi to warrant the exercise of personal jurisdiction **even if** it sold the aircraft to McMahan. *See Growden*, 733 F.2d at 1152.

F.3d at 312. When a movant has "independent access to information" allegedly evidencing fraud or misconduct before judgment, the trial court does not err in denying a Rule 60(b)(3) motion. *Diaz*, 46 F.3d at 497. The fact that the Plaintiff submitted the first and second groups of documents in support of its Motion for Relief from Judgment [105] shows that it had independent access to the information. Furthermore, the nature of the information presented by the Plaintiff leads the Court to conclude that it could have been discovered through the exercise of reasonable diligence before the entry of judgment in September of 2011.[9] As a result, Plaintiff is not entitled to relief under Rule 60(b)(3).

### 3. Rule 60(b)(6)

A party may obtain relief from judgment under Rule 60(b)(6) for "'any other reason than those contained in the preceding five enumerated grounds of Rule 60(b).'" *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012) (quoting *Rocha v. Thaler*, 619 F.3d 387, 400 (5th Cir. 2010)). The Rule provides "'a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses.'" *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 773-74 (5th Cir. 1995) (quoting *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453 (5th Cir. 1992)). Yet, a motion should be granted under Rule 60(b)(6) "only if extraordinary circumstances are present." *Id.* at 774 (citation omitted).

Plaintiff seeks relief under subsection "(b)(6) because there was misrepresentation, fraud and/or misconduct by the adverse parties, Gottschalk and

---

[9] *See* Part II.B.1. of this Opinion.

Roadlink and there are new documents that justify relief under these circumstances." (*See* Plaintiff's Memorandum Brief in Support of Motion for Relief from Judgment [106] at pp. 25-26.) The Fifth Circuit "has consistently held that relief under 60(b)(6) is mutually exclusive from relief available under sections (1)-(5)." *Hesling*, 396 F.3d at 643 (citing *Transit Cas. Co. v. Sec. Trust Co.*, 441 F.2d 788, 792 (5th Cir. 1971)). Thus, Plaintiff "cannot obtain relief under 60(b)(6) where the allegations of fraud or misconduct [or newly discovered evidence] are essentially the identical grounds for relief sought under . . . [Plaintiff's 60(b)(2) and] 60(b)(3) motion." *Id.* The Court's rejection of Plaintiff's fraud and newly discovered evidence claims for relief under Rule 60(b)(2) and (3) precludes the Plaintiff from obtaining any relief under Rule 60(b)(6) based on the same arguments.

The only other potential ground for relief under Rule 60(b)(6) that the Court can discern from Plaintiff's Motion for Relief from Judgment [105] and related filings is the contention that the following legal authorities have expanded the jurisdictional limits of Mississippi's courts: *Aultman, Tyner, & Ruffin, Ltd. v. Capital Rubber & Specialty Co.*, 2011 WL 213471; *Knight v. Woodfield*, 50 So. 3d 995; and *Cirlot Agency, Inc. v. Sunny Delight Beverage Co.*, 85 So. 3d 329. These authorities are not controlling in comparison to Fifth Circuit precedent on the issue of sufficient minimum contacts under the Due Process Clause, and they were issued prior to the Fifth Circuit's August 9, 2012 opinion in this case.[10] Even if the Plaintiff had presented an on point Fifth Circuit

---

[10] Furthermore, the dispositive facts before this Court in *Aultman, Tyner, & Ruffin, Ltd. v. Capital Rubber & Specialty Co.*, are clearly distinguishable from the circumstances previously at issue here. In *Aultman, Tyner, & Ruffin*, the nonresident defendant took purposeful and affirmative action, the foreseeable effect of which was to

opinion issued subsequent to August 9, 2012, "[a] change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment under Rule 60(b)(6)." *Adams*, 679 F.3d at 319 (citations and internal quotation marks omitted). In sum, the Court has not been presented with any "extraordinary circumstances" warranting relief under Rule 60(b)(6). *Id.*

### C. Sanctions

The Utah Defendants request that the Court award them "their fees incurred in responding to the Rule 60 Motion" due to Plaintiff's "repeated and increasingly improper attempts to litigate this matter against" them. (*See* Defendants' Memorandum in Support of Response [108] at pp. 16, 18.) Although the Utah Defendants cite numerous fact allegations in support of their fee request, they cite no legal authorities authorizing the imposition of sanctions. Furthermore, the Utah Defendants' request for sanctions is contained within their opposition to the Motion for Relief from Judgment [105], as opposed to a separate motion.

The Court's Local Rules require litigants to present requests for relief by motion. *See* L.U.Civ.R. 7(b). Further, such requests are not to be included in a response to a motion, but "must be an item docketed separately from a response." L.U.Civ.R. 7(b)(3)(C). A movant must also file a memorandum brief in support of his motion unless the issue may be heard ex parte or involves urgent or necessitous matters. *See* L.U.Civ.R. 7(b)(4). Federal Rule of Civil Procedure 11 requires a party seeking

---

cause business activity in Mississippi, by contacting a Mississippi law firm and requesting representation. 2011 WL 213471, at *9-10. Here, the Mississippi-Plaintiff reached out to nonresidents for the purchase of an aircraft that was completed in Tennessee.

sanctions under it to submit a motion for sanctions separate from any other motion. Fed. R. Civ. P. 11(c)(2). The Court declines the Utah Defendants' request for sanctions in the absence of their compliance with the preceding Rules.

The Court recognizes that it has the inherent authority to impose sanctions against litigants and their attorneys in order to control the course of litigation on its docket. *See Knight v. Luedtke (In re Yorkshire, LLC)*, 540 F.3d 328, 332 (5th Cir. 2008). The Court is also aware that it may, by statute, sanction attorneys for unreasonably and vexatiously multiplying the course of proceedings. *See* 28 U.S.C. § 1927. However, sanctions under either of these bases are the exception, rather than the rule, and the limited briefing by the Utah Defendants fails to justify such action at this time. *See Positive Software Solutions, Inc. v. New Century Mortgage Corp.*, 619 F.3d 458, 460 (5th Cir. 2010) (noting that inherent power is to "be exercised only if essential to preserve the authority of the court"); *Knight*, 540 F.3d at 332 (providing that a court must make a specific finding of "bad faith conduct" in order to justify the imposition of sanctions under its inherent authority); *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525-26 (5th Cir. 2002) (holding that sanctions under § 1927 require "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court[;]" and, interpreting "§ 1927 as penal and constru[ing] it in favor of the sanctioned party"). Although many of the allegations cited by the Utah Defendants in support of sanctions weigh in favor of the denial of Plaintiff's Motion for Relief from Judgment, they do not necessarily evidence bad faith conduct justifying punitive action by the Court.

Notwithstanding the foregoing, several of the Plaintiff's litigation activities in

relation to the Motion for Relief from Judgment [105] are not in keeping with accepted practice and procedure and will be addressed herein. Local Rule 7(b)(5) provides that a movant's "original and rebuttal memorandum briefs together may not exceed a total of thirty-five pages . . . ." L.U.Civ.R. 7(b)(5). Plaintiff has submitted briefing in support of the Motion for Relief from Judgment [105] totaling approximately **eighty-six (86)** pages. At no time did Plaintiff request leave to file excessive briefing. Therefore, Plaintiff's motion briefing failed to comply with Local Rule 7(b)(5).

Local Rule 7(b)(4) allows for the filing of the following documents by a movant: a motion, a supporting memorandum brief, and a rebuttal. L.U.Civ.R. 7(b)(4). In this case, Plaintiff filed each of the foregoing **and** its Supplemental Authorities in Support of Plaintiff's Motion for Relief from Judgment ("Supplemental Authorities") [113] **fifteen (15) days** after the submission of its Rebuttal. At no time did Plaintiff request leave from the Court to file its Supplemental Authorities [113]. Further, this late filing fails to address any circumstances that could not have been called to the Court's attention at the time Plaintiff's Motion for Relief from Judgment [105] was filed. Therefore, Plaintiff's filing of its Supplemental Authorities [113] failed to comply with Local Rule 7(b)(4).

Rule 6 of the Federal Rules of Civil Procedure requires any affidavit supporting a motion to be served with the motion. Fed. R. Civ. P. 6(c)(2). Plaintiff filed two affidavits in support of the Motion for Relief from Judgment [105] as exhibits to its Rebuttal [111]. Plaintiff did not seek leave to file these affidavits out of time. Therefore, Plaintiff failed to comply with Rule 6(c)(2) in filing the affidavits with its Rebuttal [111].

On September 4, 2012, the Court granted Plaintiff's Motion for Extension of Time

to File Rebuttal [109] and ordered that the "Plaintiff shall file its Rebuttal on or before September 13, 2012." (*See* Order [110].) Plaintiff filed its Rebuttal [111] on September 13, but also filed a Memorandum in Support of Rebuttal [112] one day later, on September 14, without leave of Court. Plaintiff failed to comply with the Court's Order [110] by filing its Memorandum in Support of Rebuttal [112] on September 14.

The Court also finds the argument by Plaintiff's counsel that the Fifth Circuit's decision in *Growden v. Ed Bowlin & Associates,* is not controlling in this case because it was based on Louisiana's long-arm statute to fall dangerously close to crossing the line separating zealous representation from frivolity. (*See* Plaintiff's Memorandum in Support of Rebuttal [112] at p. 7; Supplemental Authorities [113] at p. 1.) It should be clear to any member of the Bar that *Growden* was decided under the Due Process Clause of the Fourteenth Amendment, which applies in this Court, and not Louisiana state law. The Fifth Circuit could not have made the applicability of *Growden* to this dispute any clearer: "We conclude that under the facts alleged by the plaintiff, McMahan Jets, L.L.C. ("McMahan"), this case is squarely informed by the binding precedent of *Growden* . . . ." *McMahan Jets*, 2012 WL 3234404, at *1.

The Court directs the following warning **to the Plaintiff and its counsel** in order to maintain the integrity of proceedings going forward and to encourage future compliance with the Court's Rules. The Court will consider any future violations of the Local Uniform Civil Rules, such as those described above, and any further argument that *Growden* is not controlling in this action to constitute bad faith conduct allowing for the imposition of sanctions, including but not limited to monetary sanctions, the exclusion of evidence at trial, the striking of pleadings, and any and all other sanctions

authorized under 28 U.S.C. § 1927, Federal Rule of Civil Procedure 11, and/or the Court's inherent authority.

### III. CONCLUSION

For the above-stated reasons:

IT IS ORDERED AND ADJUDGED that Plaintiff McMahan Jets, LLC's Motion for Relief from Judgment [105] is denied.

IT IS FURTHER ORDERED AND ADJUDGED that counsel for the Plaintiff and the remaining Defendants shall contact the chambers of the United States Magistrate Judge Michael T. Parker within seven (7) days of the entry of this Order so that a scheduling conference and case management deadlines may be set in this cause.

SO ORDERED AND ADJUDGED this the 15th day of November, 2012.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE